**THE URBAN LAW FIRM**
MICHAEL A. URBAN, Nevada State Bar No. 3875
NATHAN R. RING, Nevada State Bar No. 12078
4270 S. Decatur Blvd., Suite A-9
Las Vegas, Nevada 89103
Telephone: (702) 968-8087
Facsimile: (702) 968-8088
Electronic Mail:  murban@theurbanlawfirm.com
                            nring@theurbanlawfirm.com
*Counsel for Plaintiffs*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| TRUSTEES OF THE BRICKLAYERS & ALLIED CRAFTWORKERS LOCAL 13 DEFINED CONTRIBUTION PENSION TRUST FOR SOUTHERN NEVADA; TRUSTEES OF THE BRICKLAYERS & ALLIED CRAFTWORKERS LOCAL 13 HEALTH BENEFITS FUND; TRUSTEES OF THE BRICKLAYERS & ALLIED CRAFTWORKERS LOCAL 13 VACATION FUND; BRICKLAYERS & ALLIED CRAFTWORKERS LOCAL 13 NEVADA; TRUSTEES OF THE BRICKLAYERS & TROWEL TRADES INTERNATIONAL PENSION FUND; TRUSTEES OF THE BRICKLAYERS & TROWEL TRADES INTERNATIONAL HEALTH FUND; and TRUSTEES OF THE INTERNATIONAL MASONRY INSTITUTE, <br><br>                    Plaintiffs, <br><br> vs. <br><br> PEGASUS MARBLE, INC., a Nevada corporation; CYGNUS LLC, a Nevada limited liability company; and GAGIK ZARGARYAN, an individual, TOKIO MARINE HCC dba AMERICAN CONTRACTORS INDEMNITY COMPANY, a California insurance corporation, <br><br>                    Defendants. | CASE NO: 2:20-cv-00224-GMN-BNW <br><br> **JOINT MOTION AND STIPULATION REQUESTING EXTENSION OF DISCOVERY DEADLINES** <br><br> **[FIRST REQUEST]** |

1

171556

Plaintiffs, TRUSTEES OF THE BRICKLAYERS & ALLIED CRAFTWORKERS LOCAL 13 DEFINED CONTRIBUTION PENSION TRUST FOR SOUTHERN NEVADA; TRUSTEES OF THE BRICKLAYERS & ALLIED CRAFTWORKERS LOCAL 13 HEALTH BENEFITS FUND; TRUSTEES OF THE BRICKLAYERS & ALLIED CRAFTWORKERS LOCAL 13 VACATION FUND; BRICKLAYERS & ALLIED CRAFTWORKERS LOCAL 13 NEVADA; TRUSTEES OF THE BRICKLAYERS & TROWEL TRADES INTERNATIONAL PENSION FUND; TRUSTEES OF THE BRICKLAYERS & TROWEL TRADES INTERNATIONAL HEALTH FUND; and TRUSTEES OF THE INTERNATIONAL MASONRY INSTITUTE, by and through their counsel of record, and Defendants, PEGASUS MARBLE, INC., a Nevada corporation; CYGNUS LLC, a Nevada limited liability company; GAGIK ZARGARYAN, an individual, and TOKIO MARINE HCC dba AMERICAN CONTRACTORS INDEMNITY COMPANY, a California insurance corporation, by and through their counsel of record, jointly stipulate and move this Court to extend the discovery deadlines in this matter by 180 days under the schedule below.

This is the parties' first request for extension of discovery in this matter. The overriding purpose for requesting the extension of discovery is the recent addition of Defendant TOKIO MARINE HCC dba AMERICAN CONTRACTORS INDEMNITY COMPANY. No discovery has yet been conducted by or from this Defendant in this matter. This defendant was added via amendment and just answered the Amended Complaint on September 29, 2020. The entry of this new defendant presents good cause for adding time to the current discovery schedule in place.

In response to the local rules requirements for granting of such extension the parties state as follows:

a) **A statement specifying the discovery completed by the parties as of the date of the motion or stipulation.**

So far the initial parties to this case which consisted of the Plaintiffs and Defendants, PEGASUS MARBLE, INC., a Nevada corporation; CYGNUS LLC, a Nevada limited liability company; and GAGIK ZARGARYAN, an individual, have conducted the following discovery in this matter:

1. Plaintiffs served the following:

171556

      I.    Requests for Admissions, Requests for Production and Interrogatories upon Pegasus Marble.

     II.    Requests for Admissions, Requests for Production and Interrogatories upon Cygnus LLC.

    III.    Requests for Admissions, Requests for Production and Interrogatories upon Gagik Zargaryan.

    IV.    Third party subpoena upon Bank of America

     V.    Third party subpoena upon The Nevada Contractors Board

    VI.    Third party subpoena upon The Nevada Secretary of State.

Defendants have responded to Interrogatories and Requests for Admissions. They are in the process of compiling the voluminous records requested by Plaintiffs. All three third party subpoenas have been responded to and resulted in significant production of documents.

2. Defendants served the following upon the Plaintiffs

     I.    Requests for Admissions, Requests for Production and Interrogatories upon the Plaintiff Trust Funds.

    II.    Requests for Admissions, Requests for Production and Interrogatories upon Local 13.

The Plaintiffs are currently working on responses to the written discovery noted above served by the Defendants. In addition to the requests and responses described in this section, the Plaintiffs and original defendants served initial disclosures upon one another.

**b) A specific description of the discovery that remains to be completed.**

Significant discovery remains to be completed in this matter. The discovery remaining to be completed includes Requests for Admissions, Requests for Production and Interrogatories to be served upon new defendant TOKIO MARINE HCC dba AMERICAN CONTRACTORS INDEMNITY COMPANY by Plaintiffs. In addition, this defendant will serve written discovery requests and interrogatories upon the Plaintiffs. With this defendant recently added to the case, there has been no discovery conducted by or from it.

In addition to the written discovery to be conducted by and from the new defendant, Plaintiffs intend to depose Defendant Gagik Zargaryan and the persons most knowledgeable for Pegasus and

171556

Cygnus regarding those companies' operations and formation. Defendants intend to depose persons most knowledgeable from the Plaintiffs.

**c) The reasons why the remaining discovery was not completed within the time limit of the existing discovery deadline.**

There are several reasons why the discovery described in b) above have not been completed thus far. First and foremost, discovery from defendant TOKIO MARINE HCC dba AMERICAN CONTRACTORS INDEMNITY COMPANY was impossible prior to the company being added and answering the amended complaint in this matter.

The discovery remaining to be completed between the Plaintiffs and the original Defendants in this matter has been delayed because of the COVID-19 pandemic. Specifically, a member of the staff of the Defendants' counsel tested positive for COVID-19. More generally, completing discovery and in particular, identification of and production of documents has been made more difficult by the pandemic and its limitations to in-person and in-office meetings.

**d) Proposed New Discovery Schedule.**

Some of the current deadlines have passed but the parties believe the addition of the new defendant and the circumstances related to the COVID-19 pandemic present good cause for the continuance of these deadlines. Based upon the above information, the parties propose the following new discovery deadlines in this matter:

**Initial Disclosures**

Defendant Tokio Marine shall provide its initial disclosure statements and documents to Plaintiffs' counsel by October 29, 2020.

**Discovery Cut-Off**

The current discovery cut-off deadline is November 10, 2020. The parties propose this be moved to May 10, 2021. This date is 181 days following the current date because the date 180 days from the current date is a Sunday.

///

///

171556

**Expert Disclosures**

All prospective expert witnesses were required to be disclosed on or before September 11, 2020. The parties propose the new date for this deadline as March 10, 2021. All prospective rebuttal expert witnesses were required to be disclosed on or before October 12, 2020. The parties propose the new date for this deadline as April 10, 2021.

**Dispositive Motions**

The parties current deadline for filing dispositive motions in this case is December 10, 2020. The parties propose the new dispositive motion deadline date of June 8, 2021.

**Joint Pretrial Order**

The current Joint Pretrial Order deadline in this case is January 11, 2021.  The parties propose July 12, 2021 as the new Joint Pretrial Order deadline. This date is 182 days following the current date set because the date 180 days falls on a Saturday. In the event dispositive motions are pending before the Court on that date, the date for filing the Joint Pretrial Order shall be suspended until thirty days after the date of the Court's decision on the last dispositive motion.

The parties make this request to extend deadlines in good faith and not for the purposes of undue delay of these proceedings. The parties are requesting only the amount of additional time they deem necessary for completion of discovery in this matter.

Dated:  October 16, 2020                                             **THE URBAN LAW FIRM**

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　 */s/ Nathan R. Ring*
　　　　　　　　　　　　　　　　　　　　　　　　　　　　MICHAEL A. URBAN, Nevada State Bar No. 3875
　　　　　　　　　　　　　　　　　　　　　　　　　　　　NATHAN R. RING, Nevada State Bar No. 12078
　　　　　　　　　　　　　　　　　　　　　　　　　　　　4270 S. Decatur Blvd., Suite A-9
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Las Vegas, Nevada 89103
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Telephone: (702) 968-8087
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Facsimile: (702) 968-8088
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Email:  murban@theurbanlawfirm.com
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　   nring@theurbanlawfirm.com
　　　　　　　　　　　　　　　　　　　　　　　　　　　　*Counsel for Plaintiffs*

171556

Dated:  October 16, 2020

**LAW OFFICE OF DANIEL MARKS**

*/s/ Adam Levine*
ADAM LEVINE, Nevada State Bar No. 4673
610 S. Ninth Street
Las Vegas, NV 89101
Telephone: (702) 386-0536
Fax: (702) 386-6812
Email: ALevine@danielmarks.net
*Counsel for Defendants*

## ORDER

The parties' stipulation is GRANTED in part and DENIED in part.  The Court will extend the deadlines in the operative DPSO by **92 days.**  The discovery deadline is therefore 2/15/2021.  This will allot the parties **122 days of discovery** (rather than 180) beginning from the date that the parties filed their stipulation.  The Court declines **at this time** to grant the parties' request for a 6-month extension because it does not believe there exists good cause for such a lengthy extended period.  If the parties find they are unable to complete discovery within the extended period then the Court is happy to consider a stipulation or motion.

**IT IS SO ORDERED**

**DATED:** 1:30 pm, October 20, 2020

**BRENDA WEKSLER**
**UNITED STATES MAGISTRATE JUDGE**

171556

6