LAW OFFICE OF DANIEL MARKS
DANIEL MARKS, ESQ.
Nevada State Bar No. 002003
office@danielmarks.net
ADAM LEVINE, ESQ.
Nevada State Bar No. 004673
alevine@danielmarks.net
610 South Ninth Street
Las Vegas, Nevada 89101
(702) 386-0536; Fax: (702) 386-6812
*Attorneys for Defendants*

UNTIED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TRUSTEES OF THE BRICKLAYERS & ALLIED CRAFTWORKERS LOCAL 13 DEFINED CONTRIBUTION PENSION TRUST FOR SOUTHERN NEVADA; TRUSTEES OF THE BRICKLAYERS & ALLIED CRAFTWORKERS LOCAL 13 HEAL TH BENEFITS FUND; TRUSTEES OF THE BRICKLAYERS & ALLIED CRAFTWORKERS LOCAL 13 VACATION FUND; BRICKLAYERS & ALLIED CRAFTWORKERS LOCAL 13 NEVADA; TRUSTEES OF THE BRICKLAYERS &TROWEL TRADES INTERNATIONAL PENSION FUND; TRUSTEES OF THE BRICKLAYERS & TROWEL TRADES INTERNATIONAL HEALTH FUND;  TRUSTEES OF THE INTERNATIONAL MASONRY INSTITUTE,<br><br>    Plaintiffs,<br><br>v.<br><br>PEGASUS MARBLE, INC., a Nevada corporation; CYGNUS, LLC, a Nevada limited liability company; and GAGIK ZARGARYAN, individually, TOKIO MARINE HCC dba AMERICAN CONTRACTORS INDEMNITY COMPANY,  a California insurance corporation<br><br>    Defendants. | Case No. 2:20-cv-00224-GMN-BNW<br><br><br><br>**STIPULATION TO EXTEND DISCOVERY DEADLINES**<br><br>**[SECOND REQUEST]** |

1

**STIPULATION TO EXTEND DISCOVERY DEADLINES**
**[SECOND REQUEST]**

Pursuant to LR 6-1 and LR 26-4, the parties, by and through their respective counsel of record, hereby stipulate and request that this Court extend discovery in the above-captioned case for a period of ninety (91) days), (the 90th day falls on a Sunday), up to and including, **Monday, May 17, 2021**. In addition, the parties request that the dispositive motions and pretrial order deadlines be extended in accordance with the discovery extension as outlined herein.

In support of this Stipulation and Request, the parties state as follows:

**A.   Discovery Completed to Date**

    1.   Plaintiffs served the following:

    I.   Requests for Admissions, Requests for Production and Interrogatories upon Pegasus Marble;
    II.  Requests for Admissions, Requests for Production and Interrogatories upon Cygnus LLC;
    III. Requests for Admissions, Requests for Production and Interrogatories upon Gagik Zargaryan;
    IV.  Third party subpoena upon Bank of America;
    V.   Third party subpoena upon The Nevada Contractors Board;
    VI.  Third party subpoena upon The Nevada Secretary of State.

Defendants have responded to Interrogatories and Requests for Admissions. They are in the process of compiling the records requested by Plaintiffs. All three third party subpoenas have been responded to.

On December 30, 2020 Plaintiff served Second Requests for Production of Documents on Defendant Zargaryn, Pegasus and Cygnus. Also on December 30, 2020 Plaintiff served seven (7) Notices of Deposition.

    2.   Defendants served the following upon the Plaintiffs:

    I.   Requests for Admissions, Requests for Production and Interrogatories upon the Plaintiff Trust Funds;
    II.  Requests for Admissions, Requests for Production and Interrogatories upon Local 13.

**B.     A specific description of the discovery that remains to be completed.**

Significant discovery remains to be completed in this matter. In addition to the seven (7) depositions just noticed on December 30, 2020, Defendant needs to take depositions of some or all of the multiple Trusts in the case, as well as nonparties who were involved in negotiating and alleged modification to a Master Labor Agreement which is not yet been produced by any party.

**C.     The reasons why the remaining discovery was not completed within the time limit of the existing discovery deadline.**

There are several reasons why the discovery described in B. above have not been completed thus far.

The discovery remaining to be completed between the Plaintiffs and the original Defendants in this matter has been delayed because of the COVID-19 pandemic. Specifically, a member of the staff of the Defendants' counsel contracted COVID-19. More generally, completing discovery and in particular, identification of and production of documents has been made more difficult by the pandemic and its limitations to in-person and in-office meetings.

Finally, Defendant's counsel Adam Levine, Esq. represents multiple bargaining units (unions) for local government employers. In addition to the normal disciplinary and grievance arbitrations which had been scheduled from October through December, two (2) of those bargaining units, the Las Vegas Peace Officers Association (City of Las Vegas Corrections Officers and Sergeants), and the Police Managers and Supervisors Association (LVMPD Sergeants, Lieutenants, and Captains) had their collective bargaining agreements expire in **June of 2019**. The advent of the COVID 19 pandemic caused the statutory impasse proceedings of fact-finding and interest arbitration under NRS 288.215 to be continued until October, November and December of 2020. While such statutory impasse proceedings are normally time-consuming enough as it is, the financial impact to local governments

3

caused by the Governor's emergency orders caused both the City and LVMPD to assert an inability to pay defense. This required an extensive analysis of the local government finances which had not previously been necessary. Because the LVPOA and PMSA bargaining unit employees are deemed to be essential to public safety, priority in preparing and pursuing the statutory proceedings for a new contract were given priority.

On the Plaintiff's side, Nathan Ring, Esq. was the lead attorney for the Plaintiffs. Mr. Ring has departed the Urban Law firm which requires other attorneys within the firm to bring themselves up to speed on the case.

**D.    Proposed New Discovery Schedule.**

Some of the current deadlines have passed but the parties believe the addition of the new defendant and the circumstances related to the COVID-19 pandemic present good cause for the continuance of these deadlines. Based upon the above information, the parties propose the following new discovery deadlines in this matter:

**Initial Disclosures**

**Discovery Cut-Off**

The current discovery cut-off deadline is February 15, 2021. The parties propose this be moved to **May 17, 2021**. This date is 91 days following the current date because the date 90 days from the current date is a Sunday.

**Expert Disclosures**

All prospective expert witnesses were required to be disclosed on or before March 10, 2021. The parties propose the new date for this deadline as June 10, 2021. All prospective rebuttal expert witnesses were required to be disclosed on or before April 12, 2021. The parties propose the new date for this deadline as **July 12, 2021**. (This date is 32 days following the current date because 30 days from the current date is a Saturday.)

4

**Dispositive Motions**

The parties' current deadline for filing dispositive motions in this case is June 8, 2021. The parties propose the new dispositive motion deadline date of **September 6, 2021**.

**Joint Pretrial Order**

The current Joint Pretrial Order deadline in this case is July 12, 2021. The parties propose October 11, 2021 as the new Joint Pretrial Order deadline. This date is 91 days following the current date set because the date 90 days falls on a Sunday. In the event dispositive motions are pending before the Court on that date, the date for filing the Joint Pretrial Order shall be suspended until thirty days after the date of the Court's decision on the last dispositive motion.

The parties make this request to extend deadlines in good faith and not for the purposes of undue delay of these proceedings. The parties are requesting only the amount of additional time they deem necessary for completion of discovery in this matter.

Applications to extend any date set by the discovery plan, scheduling order, or other order must, in addition to satisfying the requirements of LR 6-1, be supported by a showing of good cause for the extension.  In accordance with LR 26-4, all motions or stipulations to extend a deadline set forth in a discovery plan shall be received by the Court no later than twenty-one (21) days before the expiration of the subject deadline.

A request made after the expiration of the subject deadline shall not be granted unless the movant demonstrates that the failure to act was the result of excusable neglect. Any motion or stipulation to extend a deadline or to reopen discovery shall include:

(a)   A statement specifying the discovery completed;

(b)   A specific description of the discovery that remains to be completed;

(c) The reasons why the deadline was not satisfied or the remaining discovery was not completed within the time limits set by the discovery plan; and

(d) A proposed schedule for completing all remaining discovery.

It is not good cause for a later request to extend discovery that the parties informally postponed discovery. No stipulations are effective until approved by the Court, and "[a]ny stipulation that would interfere with any time set for completion of discovery, for hearing of a motion, or for trial, may be made only with approval of the Court." See LR 7-1(b).

IT IS SO STIPULATED.

This stipulation is entered into in good faith and not for purposes of delay.

DATED this 5th day of January 2021.  DATED this 5th day of January 2021

LAW OFFICE OF DANIEL MARKS  THE URBAN LAW FIRM

*/s/Adam Levine, Esq.*  */s/Michael A. Urban, Esq.*
ADAM LEVINE, ESQ.  MICHAEL A. URBAN, ESQ.
Nevada State Bar No. 004673  Nevada State Bar No. 003875
alevine@danielmarks.net  murban@theurbanlawfirm.com
610 South Ninth Street  4270 S. Decatur Blvd. Suite A-9
Las Vegas, Nevada 89101  Las Vegas, Nevada 89103
Attorneys for Defendants  *Attorneys for Plaintiffs*

ORDER

**IT IS SO ORDERED**

**DATED:** 4:14 pm, January 11, 2021

**BRENDA WEKSLER**
**UNITED STATES MAGISTRATE JUDGE**

6