**NOVARA TESIJA & CATENACCI, PLLC**
NATHAN R. RING, Nevada State Bar No. 12078
3960 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
Phone: (702) 301-0081
Email:  nrr@ntclaw.com
*Counsel for Plaintiffs*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| TRUSTEES OF THE BRICKLAYERS & ALLIED CRAFTWORKERS LOCAL 13 DEFINED CONTRIBUTION PENSION TRUST FOR SOUTHERN NEVADA; TRUSTEES OF THE BRICKLAYERS & ALLIED CRAFTWORKERS LOCAL 13 HEALTH BENEFITS FUND; TRUSTEES OF THE BRICKLAYERS & ALLIED CRAFTWORKERS LOCAL 13 VACATION FUND; BRICKLAYERS & ALLIED CRAFTWORKERS LOCAL 13 NEVADA; TRUSTEES OF THE BRICKLAYERS & TROWEL TRADES INTERNATIONAL PENSION FUND; TRUSTEES OF THE BRICKLAYERS & TROWEL TRADES INTERNATIONAL HEALTH FUND; and TRUSTEES OF THE INTERNATIONAL MASONRY INSTITUTE, <br><br> Plaintiffs, <br><br> vs. <br><br> PEGASUS MARBLE, INC., a Nevada corporation; CYGNUS, LLC, a Nevada limited liability company; and GAGIK ZARGARYAN, an individual, <br><br> Defendants. | CASE NO: 2:20-cv-00224-GMN-BNW <br><br><br> **STIPULATION TO EXTEND DISCOVERY DEADLINES** <br><br> **[THIRD REQUEST]** |

Pursuant to LR 6-1 and LR 26-4, the parties, by and through their respective counsel of record, hereby stipulate and request that this Court extend the discovery cutoff deadline in the above-captioned case for a period of ninety (91) days), (the 90th day falls on a Sunday), up to and including, The current discovery cutoff date of Monday, May 17, 2021 proceeds the dispositive motion deadline date by . In

1

addition, the parties request that the dispositive motions and pretrial order deadlines be extended in accordance with the discovery extension as outlined herein.

In support of this Stipulation and Request, the parties state as follows:

A. **DISCOVERY COMPLETED TO DATE**

    **1. Plaintiffs served the following:**

      **a. Written Discovery**

        I.    Requests for Admissions, Requests for Production and Interrogatories upon Pegasus Marble, Inc.;

        II.    Requests for Admissions, Requests for Production and Interrogatories upon Cygnus LLC;

        III.    Requests for Admissions, Requests for Production and Interrogatories upon Gagik Zargaryan;

        IV.    Third party subpoena upon Bank of America;

        V.    Third party subpoena upon The Nevada Contractors Board;

        VI.    Third party subpoena upon The Nevada Secretary of State.

        VII.    Third party subpoena upon Interserv (a general contractor of Cygnus)

        VIII.    Third party subpoena upon Discovery Builders (a general contractor of Cygnus)

        IX.    Plaintiffs Second Set of Requests for Production of Documents on Cygnus

        X.    Plaintiffs Second Set of Requests for Production of Documents on Zargaryan

        XI.    Plaintiffs Second Set of Requests for Production of Documents on Pegasus

Defendants provided responses to the Plaintiffs' Interrogatories, Requests for Admissions and both sets of Requests for Production. All five of the third party subpoenas have been responded to by those third parties. Plaintiffs believed Defendants' responses to certain Requests for Production and Interrogatories were unsatisfactory and missing relevant responses and information. This led to a discovery dispute between the parties that caused their counsel to meet and confer via phone on several

occasions and also to discuss via email and letter. The parties and their respective counsel now believe this dispute is resolved and this will be discussed in more detail below in this document.

**b. Other Discovery**

    I.      Notice of Deposition upon Gagik Zargaryan

    II.     Notice of Deposition of Ani Zargaryan

    III.    Notice of Deposition of Knarik Zargaryan

    IV.    Notice of Deposition of David Castanda

    V.     Notice of Deposition of Eduardo Borromo

    VI.    Notice of Deposition of Carlos Torres Santiago

    VII.   Notice of Deposition of  Nelson Bonilla Ferman

The first three of these depositions are scheduled for April 28th to 30th. Mr. Castanda could not be located to serve the notice of deposition. Mr. Borromo was served but the deposition has been delayed as a result of the discovery dispute mentioned above. Mr. Santiago and Ferman produced information in lieu of depositions.

**2. Defendants served the following upon the Plaintiffs:**

**a. Written Discovery**

    I.      Requests for Admissions, Requests for Production and Interrogatories upon the Plaintiff Trust Funds;

    II.     Requests for Admissions, Requests for Production and Interrogatories upon Local 13.

Plaintiffs responded to the written discovery served by the Defendants.

**b. Other Discovery**

    I.      Notice of Deposition of Rich Crawford

Pursuant to a scheduling conflict and to a potential agreement on a related issue, this deposition has been postponed. If necessary, it will be reset.

**B.     A SPECIFIC DESCRIPTION OF THE DISCOVERY THAT REMAINS TO BE COMPLETED.**

In addition to the discovery noted above that has not yet been completed (in particular the yet to occur depositions), the parties have additional discovery they must complete. This includes the Defendants production of certain documents that were the center of their discovery dispute. Those documents are necessary to allow the Plaintiffs' auditor to review records of the company and potentially produce an audit claim against the Plaintiffs for purposes of determining damages in this matter. This case cannot be completed without the completion of that audit and the auditor cannot complete the audit without the records which were previously in dispute between the parties.

Defendants may find it necessary to take depositions of some or all of the multiple Trust Funds in the case. They may also wish to depose the Plaintiffs' auditor following completion of the audit. Defendants may also wish to take depositions of nonparties who were involved in negotiating and alleged modifications to the Master Labor Agreement.

**C.     THE REASONS WHY THE REMAINING DISCOVERY WAS NOT COMPLETED WITHIN THE TIME LIMIT OF THE EXISTING DISCOVERY DEADLINE.**

A previous stipulation between the parties explained circumstances prior to January 11, 2021 that caused discovery to be delayed to that point. This stipulation will not rehash those reasons but will only address what has occurred since that date to cause delays in completion of discovery.

Like most pending court cases, the discovery remaining to be completed between the Plaintiffs and the Defendants in this matter has been delayed because of the COVID-19 pandemic. The depositions of a number of the witnesses will be time-consuming and document intensive, which is much easier to do in person. Until recently, it was very difficult to have any person agree to appear in person for these matters. This is now changing as vaccination expands into all age groups. The parties fully expect the depositions that must occur in person to actually occur in person.

In March, the Plaintiffs changed their counsel in this matter from the Urban Law Firm to Novara Tesija & Catenacci, PLLC. This has required attorneys to get up to speed on the file. While attorney Nathan R. Ring, who is with Novara Tesija & Catenacci, PLLC, was previously with The Urban Law

Firm and has some knowledge of the matter, he had not been involved in the litigation for several months until the change of counsel occurred. There was a small delay in catching up on the status of discovery and litigation upon change of counsel.

The biggest reason discovery has not been completed involves a dispute over production of documents that are responsive to the requests served by the Plaintiffs upon the Defendants. When Novara Tesija & Catenacci, PLLC took over as counsel, this discovery dispute was pending and the parties were at an impasse on resolution. It was initially expected that this dispute may lead to motion practice on the issues involved.

It took several phone calls, letters and emails to reach a potential resolution between counsel that will resolve all issues for Plaintiffs and Defendants on the production at issue. The parties have agreed to a protective order that they expect to file with the Court soon. This protective order will provide production of the necessary documents from performing an audit within 30 days. This protective order is currently being reviewed by in-house counsel for the Plaintiffs' auditor. Upon that review and approval, the parties expect to file the protective order document and proceed with document production and auditor review. The auditor will need approximately sixty days to review the records and produce a report.

D.     **PROPOSED NEW DISCOVERY SCHEDULE.**

Based upon the above information, the parties propose the following revised discovery deadlines in this matter:

**Discovery Cut-Off**

The current discovery cut-off deadline is May 17, 2021. The parties propose this be moved to August 6, 2021. The parties request this date because it is thirty (30) days before the currently set deadline for dispositive motions in the case. In most scheduling orders, the discovery cutoff date is thirty days prior to the dispositive motion deadline. Moving this deadline to August 6, 2021 will not delay this case's resolution from the Court's docket because the parties are not requesting any movement of the dispositive motion or pretrial order deadline.

**Expert Disclosures**

All prospective expert witnesses are currently required to be disclosed on or before June 10, 2021. All prospective rebuttal expert witnesses are currently required to be disclosed on or before July 12, 2021. The parties propose a fifteen (15) day extension on each of these deadlines. Thus, the deadline for expert disclosure would be June 25, 2021 and the rebuttal expert disclosure deadline would be June 27, 2021.

**Dispositive Motions**

The parties' current deadline for filing dispositive motions in this case September 6, 2021. The parties do not propose any change in this date.

**Joint Pretrial Order**

The current Joint Pretrial Order deadline in this case is October 11, 2021. The parties do not propose a new Joint Pretrial Order deadline in this matter. In the event dispositive motions are pending before the Court on that date, the date for filing the Joint Pretrial Order shall be suspended until thirty days after the date of the Court's decision on the last dispositive motion.

The parties make this request to extend deadlines in good faith and not for the purposes of undue delay of these proceedings. The parties are requesting only the amount of additional time they deem necessary for completion of discovery in this matter. In fact, the extension of the stated deadlines above are unlikely to affect in anyway the final resolution of the case from this Court's docket because the dispositive motion and pretrial order deadlines are not being moved from their current setting.

IT IS SO STIPULATED.

DATED this 13th day of April 2021

**LAW OFFICE OF DANIEL MARKS**

/s/ *Adam Levine*
ADAM LEVINE, ESQ.
Nevada State Bar No. 004673
alevine@danielmarks.net
610 South Ninth Street

Las Vegas, Nevada 89101
*Attorneys for Defendants*

DATED this 13th day of April 2021

**NOVARA TESIJA & CATENACCI, PLLC**

/s/Nathan R. Ring, Esq.
NATHAN R. RING, ESQ.
Nevada State Bar No. 12078
nring@ntclaw.com
3960 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
*Attorneys for Plaintiffs*

### ORDER

**IT IS SO ORDERED.**

DATED: April 15, 2021

_____
UNITED STATES MAGISTRATE JUDGE