NOVARA TESIJA & CATENACCI, PLLC
NATHAN R. RING, ESQ.
Nevada State Bar No. 12078
nrr@ntclaw.com
3960 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
(702) 990-3528
*Attorney for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| TRUSTEES OF THE BRICKLAYERS & ALLIED CRAFTWORKERS LOCAL 13 DEFINED CONTRIBUTION PENSION TRUST FOR SOUTHERN NEVADA; TRUSTEES OF THE BRICKLAYERS & ALLIED CRAFTWORKERS LOCAL 13 HEAL TH BENEFITS FUND; TRUSTEES OF THE BRICKLAYERS & ALLIED CRAFTWORKERS LOCAL 13 VACATION FUND; BRICKLAYERS & ALLIED CRAFTWORKERS LOCAL 13 NEVADA; TRUSTEES OF THE BRICKLAYERS &TROWEL TRADES INTERNATIONAL PENSION FUND; TRUSTEES OF THE BRICKLAYERS & TROWEL TRADES INTERNATIONAL HEALTH FUND;  TRUSTEES OF THE INTERNATIONAL MASONRY INSTITUTE,<br><br>                   Plaintiffs,<br><br>v.<br><br>PEGASUS MARBLE, INC., a Nevada corporation; CYGNUS, LLC, a Nevada limited liability company; and GAGIK ZARGARYAN, individually, TOKIO MARINE HCC dba AMERICAN CONTRACTORS INDEMNITY COMPANY,  a California insurance corporation<br><br>                   Defendants. | Case No. 2:20-cv-00224-GMN-BNW<br><br>**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER** |

///

1

The parties to this Stipulated Protective Order are Cygnus, LLC ("Company"), Rubin Brown, LLP (the "Auditor"), and the International Union of Bricklayers and Allied Craftworkers Local No. 13 Trust Funds (the "Funds"), which all shall be collectively referred to hereinafter as "the Parties".

This Stipulated Protective Order applies to the following information and documents requested by the Funds, and objected to by the Company: contracts with subcontractors, vendors and suppliers; W-2 and W-3 documents for its employees; State SUI Reports; general ledger, including account transaction detail, cash disbursements and receipts; and daily or weekly time cards or reports showing work completed by its employees for the time period May 1, 2018 to present.

The Parties, having hereto stipulated and agreed, by and through their respective counsel, that the records identified above constitute confidential information of the Company, but which Company will provide to the counsel for the Funds who will provide such documents to the Auditor. The parties further stipulate and agree to the entry of a Protective Order pursuant to Federal Rule of Civil Procedure Rule 26(c) governing the production of the above identified materials, information, documents, and the Court having approved the same.

**IT IS HEREBY ORDERED THAT:**

1. <u>Scope of Production</u>. The Company is expected to produce to counsel for the Funds the above identified documents, previously objected to, within 30 days of the entry of this Stipulated Confidentiality Agreement and Protective Order to the extent any such documents exist. The company is not required to create any documents for purposes of production.

2. <u>Designation of Documents</u>. Company will designate as "confidential" for the above identified documents by stamping the relevant page or pages of any document or response to discovery which Company considers in good faith to contain information that is confidential business or financial information, subject to this Stipulated Confidentiality Agreement and Protective Order. For a multiple

page document in which Company believes all information is confidential, Company shall designate on the first page of the document that the entire document is confidential.

3.  Use of the Information. The Auditor and the Funds agree that subject to the disclosure restrictions set forth in paragraph 4 below, each will use and disclose the information and documents provided by Company for audit purposes and collection efforts (including in the litigation) or other such related purposes only. This protection does not apply to information and documents that are publicly available.

4.  Disclosure of Information. Except as provided herein, the Auditor and the Funds agree that:

   a) They will not disclose the content of the information or documents or any parts thereof, or provide copies of the information or documents or any parts thereof, to anyone outside of the Parties;

   b) They will not disclose the contents of the information or documents or any parts thereof, or provide copies of the information or documents or any parts thereof, to any agent of the Funds who is an agent, employee, or affiliate of The Bricklayers & Allied Craftworkers ("BAC") Local 13, any other BAC Local, or any Union. This expressly includes, but is not limited to, Richard Crawford;

   c) The information and documents will not be used by the Funds to contact, harass or intimidate general contractors, subcontractors or any customers of the Company; and

   d) The information and documents will not be disclosed to any competitor of Company.

   e) The Auditor is, however, permitted to distribute its audit report and agreed-upon procedures report to the Trustees of the Funds consistent with its agreement with the Funds and in upholding the Trustees' fiduciary duties to the Funds' participants and beneficiaries.

5.  Destruction of Documents. Within thirty (30) calendar days of completion of the litigation or any appeal resulting from the litigation, the Auditor and the Funds will destroy any electronic copies of the information or documents provided by the Company and will shred or

otherwise destroy any physical copies, excerpts or summaries thereof, unless otherwise agreed to in writing by the Parties. This process is outside the Auditor's normal course and record retention policy and different than its contract with the Funds. The Auditor is permitted to maintain in its own files its work papers and a copy of the audit results and agreed upon procedures report consistent with its duties for compliance with the Association of International Certified Professional Accountants (AICPA).

6. <u>Counsel for Parties Subject to Agreement</u>. The Parties agree that their respective counsel are subject to this Agreement but that counsel for the Parties will be made privy to confidential information or documents disclosed hereunder. Each Party is permitted to share confidential information with their counsel for purposes of seeking and receiving legal advice and consultation.

7. <u>Consultants or Expert Witnesses Retained</u>. To the extent the Parties retain consultants or experts for their claims and defenses in the Litigation, each such person shall execute a copy of the Certification annexed to this Order as Exhibit "A" (which shall be retained by counsel to the party so disclosing the Confidential Information and made available for inspection by opposing counsel during the pendency or after the termination of the action only upon good cause shown and upon order of the Court) before being shown or given any Confidential Information.

8. <u>Witnesses in Case</u>. Before being provided a confidential document during deposition or otherwise during testimony, a witness shall sign the Certification. Confidential Information may be disclosed to a witness who will not sign the Certification only in a deposition at which the party who designated the Confidential Information is represented or has been given notice that Confidential Information shall be designated "Confidential." Witnesses shown Confidential Information shall not be allowed to retain copies of such information or documents.

9. <u>Filing Confidential Documents and Information with the Court</u>. No party shall file or submit for filing as part of the Court record any documents marked as "Confidential" without first requesting leave of court to obtain permission to file such documents under seal. Notwithstanding this

agreement, should the party seeking leave to file a paper under seal be denied the ability to file under seal, the Party may then file such document in open court.

12. <u>Duration</u>. All provisions of this Order restricting the communication or use of Confidential Information or Documents shall continue to be binding after the conclusion of this Litigation, unless otherwise agreed or ordered.

13. <u>No Privilege Waiver</u>. Nothing herein shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of a Party to seek relief for any inadvertent disclosure of material protected by a privilege or work product protection.

The undersigned agree to the terms and conditions set forth above this 4th day of June, 2021:

CYGNUS, LLC

By: <u>/s/ Ani Zargaryan</u>
    Ani Zargaryan

Its: <u>Managing Member</u>

THE INTERNATIONAL UNION OF BRICKLAYERS AND ALLIED CRAFTWORKERS, LOCAL NO. 13 TRUST FUNDS

By: <u>/s/ Richard Crawford</u>
    Richard Crawford

Its: <u>Chairman</u>

RUBIN BROWN, LLP

By:
    Glenn Goodnough

Its: <u>Managing Partner</u>

Approved as to form and content:

DATED this 4th day of June 2021.

LAW OFFICE OF DANIEL MARKS

<u>/s/Adam Levine</u>

DATED this 4th day of June 2021

NOVARA TESIJA & CATENACCI, PLLC

<u>/s/ Nathan R. Ring</u>

1 | ADAM LEVINE, ESQ.  
Nevada State Bar No. 004673  
2 | alevine@danielmarks.net  
610 South Ninth Street  
3 | Las Vegas, Nevada 89101  
*Counsel for Defendants*

NATHAN R. RING, ESQ.  
Nevada State Bar No. 12078  
nrr@ntclaw.com  
3960 Howard Hughes Parkway, Suite 500  
Las Vegas, Nevada 89169  
*Counsel for Plaintiffs*

### ORDER

Based upon the stipulation of the parties above and their counsel of record, the Court hereby grants the parties' Stipulated Confidentiality Agreement and Protective Order.

IT IS FURTHER ORDERED that ECF No. 44 is DENIED as moot.

Dated: June 15, 2021

_____  
UNITED STATES MAGISTRATE JUDGE

6

# EXHIBIT "A"

## CERTIFICATION

I hereby certify my understanding that Confidential Information is being provided to me pursuant to the terms and restrictions of the Confidentiality and Stipulated Protective Agreement between Company, Auditor and the Funds and I have been given a copy of that Agreement and read it fully. I agree to be bound by the Agreement. I will not reveal the Confidential Information to anyone, except as allowed by the Agreement. I will maintain all such Confidential Information -- including copies, notes, or other transcriptions made therefrom -- in a secure manner to prevent unauthorized access to it. No later than thirty (30) days after the conclusion of this Litigation, I will destroy the Confidential Information -- including copies, notes or other transcriptions made therefrom. I hereby consent to the jurisdiction of the United States District Court for the District of Nevada for the purpose of enforcing the Confidentiality and Stipulated Protective Agreement.

Dated: _____          By: _____