**NOVARA TESIJA & CATENACCI, PLLC**
NATHAN R. RING, Nevada State Bar No. 12078
3960 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
Phone: (702) 301-0081
Email: nrr@ntclaw.com
*Counsel for Plaintiffs*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| TRUSTEES OF THE BRICKLAYERS & ALLIED CRAFTWORKERS LOCAL 13 DEFINED CONTRIBUTION PENSION TRUST FOR SOUTHERN NEVADA; TRUSTEES OF THE BRICKLAYERS & ALLIED CRAFTWORKERS LOCAL 13 HEALTH BENEFITS FUND; TRUSTEES OF THE BRICKLAYERS & ALLIED CRAFTWORKERS LOCAL 13 VACATION FUND; BRICKLAYERS & ALLIED CRAFTWORKERS LOCAL 13 NEVADA; TRUSTEES OF THE BRICKLAYERS & TROWEL TRADES INTERNATIONAL PENSION FUND; TRUSTEES OF THE BRICKLAYERS & TROWEL TRADES INTERNATIONAL HEALTH FUND; and TRUSTEES OF THE INTERNATIONAL MASONRY INSTITUTE, <br><br>Plaintiffs, <br><br>vs. <br><br>PEGASUS MARBLE, INC., a Nevada corporation; CYGNUS, LLC, a Nevada limited liability company; and GAGIK ZARGARYAN, an individual, <br><br>Defendants. | CASE NO: 2:20-cv-00224-GMN-BNW <br><br>**STIPULATION TO EXTEND DISCOVERY DEADLINES** <br><br>**[FOURTH REQUEST]** |

Pursuant to LR 6-1 and LR 26-4, the parties, by and through their respective counsel of record, hereby stipulate and request that this Court extend the discovery cutoff deadline in the above-captioned case for a period of ninety (90) days. In addition, the parties request that the dispositive motion and pretrial order deadlines be extended in accordance with the discovery cutoff extension as outlined

herein. The parties do not contemplate or request an extension of any other discovery deadlines in this matter.

In support of this Stipulation and Request, the parties state as follows:

A. **DISCOVERY COMPLETED TO DATE**

   1. **Plaintiffs served the following:**

   **a. Written Discovery**

   I. Requests for Admissions, Requests for Production and Interrogatories upon Pegasus Marble, Inc.;

   II. Requests for Admissions, Requests for Production and Interrogatories upon Cygnus LLC;

   III. Requests for Admissions, Requests for Production and Interrogatories upon Gagik Zargaryan;

   IV. Third party subpoena upon Bank of America;

   V. Third party subpoena upon The Nevada Contractors Board;

   VI. Third party subpoena upon The Nevada Secretary of State.

   VII. Third party subpoena upon Interserv (a general contractor of Cygnus)

   VIII. Third party subpoena upon Discovery Builders (a general contractor of Cygnus)

   IX. Plaintiffs Second Set of Requests for Production of Documents on Cygnus

   X. Plaintiffs Second Set of Requests for Production of Documents on Zargaryan

   XI. Plaintiffs Second Set of Requests for Production of Documents on Pegasus

   XII. Plaintiffs Second Set of Interrogatories to Zargaryan

   XIII. Plaintiffs Second Set of Interrogatories to Cygnus

Defendants provided responses to the Plaintiffs' Interrogatories, Requests for Admissions and both sets of Requests for Production. All five of the third party subpoenas have been responded to by those third parties. The Second Sets of Interrogatories were just served this week. Plaintiffs believed

Defendants' responses to certain Requests for Production and Interrogatories were unsatisfactory and missing relevant responses and information. This led to a discovery dispute between the parties that caused their counsel to meet and confer via phone on several occasions and also to discuss via email and letter. The parties and their respective counsel advised the Court in the last request for extension of deadlines that they believed they had resolved the dispute. It did take longer to resolve that dispute than anticipated and took longer to reach a stipulated protective order than anticipated before, which will be discussed in more detail below in this document.

**b. Other Discovery**

I. Notice of Deposition upon Gagik Zargaryan

II. Notice of Deposition of Ani Zargaryan

III. Notice of Deposition of Knarik Zargaryan

IV. Notice of Deposition of David Castanda

V. Notice of Deposition of Eduardo Borromo

VI. Notice of Deposition of Carlos Torres Santiago

VII. Notice of Deposition of Nelson Bonilla Ferman

Mr. Castanda could not be located to serve the notice of deposition. Mr. Borromo was served but the deposition has been delayed as a result of the discovery dispute mentioned above. Mr. Santiago and Ferman produced information in lieu of depositions. The depositions of the first three individuals cannot be completed until the Plaintiffs' auditors complete their audit of Cygnus' records, which were the subject of the now resolved discovery dispute concerning document production. The dispute was resolved by the Court's entry of the stipulated protective order in this matter.

**2. Defendants served the following upon the Plaintiffs:**

**a. Written Discovery**

I. Requests for Admissions, Requests for Production and Interrogatories upon the Plaintiff Trust Funds;

II. Requests for Admissions, Requests for Production and Interrogatories upon Local 13.

Plaintiffs responded to the written discovery served by the Defendants.

**b. Other Discovery**

I. Notice of Deposition of Rich Crawford

Pursuant to a scheduling conflict and to a potential agreement on a related issue, this deposition has been postponed. If necessary, it will be reset.

**B. A SPECIFIC DESCRIPTION OF THE DISCOVERY THAT REMAINS TO BE COMPLETED.**

In addition to the discovery noted above that has not yet been completed (in particular the yet to occur depositions), the parties have additional discovery they must complete. This includes the Defendants production of certain documents that were the center of their discovery dispute. Those documents are necessary to allow the Plaintiffs' auditors to review records of the company and potentially produce an audit claim against the Defendants for purposes of determining damages in this matter. This case cannot be completed without the completion of that audit and the auditor cannot complete the audit without the records which were previously in dispute between the parties. This type of audit is required under ERISA.

The depositions of the owners and operators of Pegasus Marble and Cygnus cannot occur until the audit is completed. Without a completed audit, it is impossible for the Plaintiffs to know the extent of damages in the case. Without this information, conducting depositions would be a fruitless effort and waste of the parties' time and resources. The documents to be produced by Defendants are also relevant to the Plaintiffs substantive claims against Defendants.

Defendants may find it necessary to take depositions of some or all of the multiple Trust Funds in the case or the Funds' third-party administrator. They may also wish to depose the Plaintiffs' auditors following completion of the audit procedures and report in this matter. Defendants may also wish to take depositions of nonparties who were involved in negotiating any of the alleged modifications to the Master Labor Agreement between Pegasus and Bricklayers & Allied Craftworkers, Local 13.

## C. THE REASONS WHY THE REMAINING DISCOVERY WAS NOT COMPLETED WITHIN THE TIME LIMIT OF THE EXISTING DISCOVERY DEADLINE.

A previous stipulation between the parties explained circumstances prior to April 2021 that caused discovery to be delayed to that point. This stipulation will not rehash all of those reasons in detail but will address only those relevant circumstances and what has occurred since that date to cause delays in completion of discovery.

The biggest reason discovery has not been completed in this case involves a dispute over production of documents that are responsive to the requests served by the Plaintiffs upon the Defendants. When Novara Tesija & Catenacci, PLLC took over as counsel, this discovery dispute was then pending, and the parties were at an impasse on resolution of the dispute. It was initially expected that this dispute may lead to motion practice on the issues involved. Specifically, the documents at issue were payroll, vendor, and related business records of the putative alter-ego entity, Cygnus LLC. The company objected to being required to produce those records, and the Plaintiffs demanded to review them under precedent they believed controlled in the matter.

Following several phone calls, letters and emails, counsel for the parties believed they had reached a potential agreement to resolve all issues for Plaintiffs and Defendants on the production of Cygnus' records. The parties agreed to a protective order that they expected to be filed quickly with the Court. That protective order was to provide for production of the necessary documents for performance of an audit within 30 days of its entry.

The completion of the protective order was delayed due to further negotiation that was needed. The protective order had to be reviewed by in-house counsel for the Plaintiffs' auditor. Changes had to be made for the auditors to accommodate the auditors' duties pursuant to their obligations to their professional associations and best practices in their industry. This caused further negotiation among the parties and their counsel. Finally, the parties did reach an agreement on the form of the protective order, each counsel signed the order, each party signed the order, and the auditors signed the order. The Court granted the protective order on June 15, 2021.

As indicated in the previous stipulation, the auditors will need approximately sixty (60) days to review the company records and produce an audit report. The current discovery cutoff deadline is

August 6, 2021. With the delay in final agreement on the protective order and the time needed by the auditors to complete their report, the discovery cutoff date will pass before the audit report can be produced. This will not allow damages to be discussed in this matter and will prevent the parties from conducting the necessary depositions in this matter and comleting all discovery. For this primary reason, the parties are requesting a ninety (90) day extension of the discovery cutoff deadline.

In addition to the above-mentioned delay in negotiation on the protective order and need for the audit to be completed, Plaintiffs' counsel and his wife are expecting their first child at the start of July. Working between Defendants' counsel, Defendants, and the auditors on document production and transfer may be slower than expected for this reason—at least initially. Thus, counsel also requests an extension partially for this second reason.

**D.      PROPOSED NEW DISCOVERY SCHEDULE.**

Based upon the above information, the parties propose the following revised discovery deadlines in this matter:

**Discovery Cut-Off**

The current discovery cut-off deadline is August 6, 2021. The parties propose this be moved to November 4, 2021. Moving this deadline to November 4, 2021 will allow the parties to complete production under the protective order, allow Plaintiffs' auditors to complete their procedures and produce a report, and allow the parties to conduct necessary depositions and discovery following the completed report.

**Dispositive Motions**

The parties propose the deadline for filing dispositive motions in this case be December 6, 2021. This date is thirty-two (32) days following the discovery cutoff date. The date that is thirty (30) days after the requested discovery cutoff date falls on a Saturday. Thus, the parties have advanced the proposed dispositive motion deadline to the next available court day.

**Joint Pretrial Order**

The current Joint Pretrial Order deadline in this case is October 11, 2021. The parties propose a new Joint Pretrial Order deadline of January 5, 2022. This is the date that is thirty (30) days after the newly proposed dispositive motion deadline. In the event dispositive motions are pending before the Court on that date, the date for filing the Joint Pretrial Order shall be suspended until thirty (30) days after the date of the Court's decision on the last dispositive motion.

The parties make this request to extend deadlines in good faith and not for the purposes of undue delay of these proceedings. The parties are requesting only the amount of additional time they deem necessary for completion of document production, audit completion, and discovery completion in this matter under the circumstances.

IT IS SO STIPULATED.

DATED this 1st day of July 2021

**LAW OFFICE OF DANIEL MARKS**

/s/ Adam Levine
ADAM LEVINE, ESQ.
Nevada State Bar No. 004673
alevine@danielmarks.net
610 South Ninth Street
Las Vegas, Nevada 89101
*Attorneys for Defendants*

DATED this 1st day of July 2021

**NOVARA TESIJA & CATENACCI, PLLC**

/s/Nathan R. Ring, Esq.
NATHAN R. RING, ESQ.
Nevada State Bar No. 12078
nring@ntclaw.com
3960 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
*Attorneys for Plaintiffs*

**Order**

IT IS SO ORDERED

**DATED:** 6:21 pm, July 06, 2021

**BRENDA WEKSLER**
**UNITED STATES MAGISTRATE JUDGE**