# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | | |
|---|---|---|
| Trustees of the Bricklayers & Allied Craftworkers Local 13 Defined Contribution Pension Trust for Southern Nevada, *et al.* | ) ) ) | Case No.: 2:20-cv-00224-GMN-BNW |
| Plaintiffs, | ) ) ) | **ORDER** |
| vs. | ) ) | |
| Pegasus Marble, Inc., *et al.*, | ) ) ) | |
| Defendants. | | |

Pending before the Court is the Motion to Dismiss First Amended Counterclaim, (ECF No. 35), filed by Plaintiffs Trustees of the Bricklayers & Allied Craftworkers Local 13 Defined Contribution Pension Trust for Southern Nevada, *et al.* (collectively, "Plaintiffs'").  Defendant Pegasus Marble, Inc. ("Pegasus Marble") filed a Response, (ECF No. 37).  Plaintiffs did not file a reply.

For the reasons discussed below, the Court **GRANTS** Plaintiffs' Motion to Dismiss Defendants' First Amended Counterclaim.

## I.   BACKGROUND

This case arises out of Defendants' alleged failure to comply with obligations under a collective bargaining agreement and pay fringe benefit contributions to Plaintiffs, who are employee benefit trusts. (Am. Compl. ¶¶ 7, 15, ECF No. 21).  Plaintiffs explain that Pegasus Marble, which is owned and operated by Defendant Gagik Zargaryan, was the signatory to a collective bargaining agreement, the Master Labor Agreement ("MLA"), with the Bricklayers & Allied Craftworkers, Local 13 ("the Union"), that covered the terms and conditions of employment for Pegasus Marble's employees in Nevada. (*Id.* ¶¶ 11, 13).  Plaintiffs argue that Defendant Zargaryan breached the MLA by using another business, Defendant Cygnus, LLC,

as Pegasus Marble's alter ego to avoid making fringe benefit contributions to the trusts. (*Id.* ¶¶ 17, 31).  Plaintiffs initiated this ERISA action to establish that Pegasus Marble and Cygnus, LLC are a single-employer bound by the CBA and to collect the delinquent fringe benefit contributions. (*Id.* 10:1–27).

Pegasus Marble filed a Counterclaim, arguing that the Union breached the MLA, and thus, Pegasus Marble has no obligation to perform. (Am. Countercl. 5:20–6:2, ECF No. 25). Pegasus Marble claims that in April 2016, it signed a Memorandum Agreement for Individual Employer ("Memorandum Agreement") with the Union, which bound it to the MLA running through February 28, 2021. (*Id.* ¶ 6).  Under the MLA, the wage and benefit rate for work performed in certain geographic areas and for certain types of work was set by Appendix B, which was in effect until March 1, 2019, with the option to re-negotiate.  (*Id.* ¶ 7).  However, in July 2019, the Union informed Pegasus Marble that Appendix B expired and that the higher wage rates in Appendix A now applied to all projects. (*Id.* ¶ 10).  Pegasus Marble claims that because the wage rates in Appendix B were a material condition that induced it to sign the Memorandum Agreement, changing the wage rates to Appendix A constitutes a material breach of the MLA. (*Id.* ¶ 8, 12).  Pegasus Marble requests a declaratory judgment that the wage rates and fringe benefits from Appendix B remain in effect, and that Pegasus Marble has no further obligations under the MLA due to the Union's breach. (*Id.* 5:20–6:2).  Plaintiffs now move to dismiss Pegasus Marble's Counterclaim. (*See generally*, Mot. Dismiss ("MTD"), ECF No. 35).

## II.   LEGAL STANDARD

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).  A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as a factual allegation are insufficient. *Twombly*,

550 U.S. at 555.  Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990).  "However, material which is properly submitted as part of the complaint may be considered." *Id.*  Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).  On a motion to dismiss, a court may also take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986).  Otherwise, if a court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. Fed. R. Civ. P. 12(d).

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).  Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue

prejudice to the opposing party by virtue of allowance of the amendment, futility of the

amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962).

**III.   DISCUSSION**

In their Motion, Plaintiffs argue that Pegasus Marble's counterclaim should be dismissed

because the Memorandum Agreement signed by Pegasus Marble bound it to the MLA. (MTD

3:15–21).  Further, Plaintiffs explain that the Memorandum Agreement includes the following

provision:

> The Employer agrees to comply with all of the terms, including wage hours and
> working conditions, of the Master Labor Agreement and any future
> modifications, changes, amendments, supplements, extensions or renewals of or
> to said Master Labor Agreement which may be negotiated between the parties
> hereto.

(*Id.* 3:20–25); (Mem. Agree. ¶ 3, Ex. 1 to MTD, ECF No. 35-1).  Plaintiffs assert that because

Pegasus Marble was bound to the MLA and agreed to comply with any "future modifications,

changes, amendments, supplements, extensions or renewals," Pegasus Marble was also bound

by the termination of the lower wage rates under Appendix B, and is still bound to the MLA.

(MTD 4:19–24).  Additionally, Plaintiffs claim that by signing the Memorandum Agreement,

Pegasus Marble waived any right that it may have had to:

> terminate, abrogate, repudiate or cancel [the] Agreement during its term or the
> term of any future modifications changes amendments supplements, extensions or
> renewals of or to said Master Labor Agreement.

(Mem. Agree. ¶ 3, Ex. 1 to MTD).  To support their arguments, Plaintiffs provide exhibits of

the Memorandum Agreement, Appendix B, and schedules for Appendix A and B. (*See* Mem.

Agree, Ex. 1 to MTD); (Appendix B, Ex. 2 to MTD, ECF No. 35-2); (Schedules, Ex. 3 to

MTD, ECF No. 35-3).

In response, Pegasus Marble argues that because Plaintiffs' Motion attaches materials

outside of the pleadings, it should be treated as a Motion for Summary Judgment and denied.

1   (Resp. 2:5–8, 3:6–9, ECF No. 37). [1]  In the alternative, Pegasus Marble contends that when an

2   agreement expires without a new one yet in place, the parties are obligated to maintain the

3   status quo, or in this case the Appendix B rates, until a new agreement is reached. (*Id.* 2:22–

4   3:5).

5        As an initial matter, "documents whose contents are alleged in a complaint and whose

6   authenticity no party questions, but which are not physically attached to the pleading, may be

7   considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to

8   dismiss into a motion for summary judgment. *See, e.g.*, *Branch v. Tunnell*, 14 F.3d 449, 454

9   (9th Cir. 1994).  Here, Pegasus Marble's Amended Counterclaim references the current

10  Memorandum Agreement for Individual Employer, as well as Appendices A and B, and

11  Pegasus Marble does not dispute the authenticity of the exhibits provided by Plaintiffs.  (Am.

12  Countercl. ¶¶ 6–12).  Accordingly, the Court may consider the Memorandum Agreement,

13  Appendix B, and the wage schedules in this Motion to Dismiss.

14       The remaining question for the Court therefore is whether Pegasus Marble is indeed

15  bound by the termination of Appendix B and the MLA.  In the Ninth Circuit, courts must

16  strictly construe the terms of a collective bargaining agreement, as long as those terms are clear

17  and unambiguous. *Irwin v. Carpenters Health and Welfare Trust Funds for California*, 745

18  F.2d 553, 557 (9th Cir. 1984).  In the present case, the Memorandum Agreement's provision

19  mandating that Pegasus Marble agree to comply with any "future modifications, changes,

20  amendments, supplements, extensions or renewals" is unambiguous, and the Ninth Circuit has

21  previously upheld similar language. *See, e.g. Constr. Teamsters Health & Welfare Trust v. Con

22  Form Constr. Corp.*, 657 F.2d 1101, 1103 (9th Cir. 1981) (citing *Seymour v. Coughlin Co.*, 609

23

24
25  [1] Pegasus Marble also argues that Plaintiffs failed to provide any affidavits or declarations to establish that the Union terminated Appendix B, which is fatal to a Motion for Summary Judgment. (Resp. 2:17–21, ECF No. 37). However, the Court declines to convert Plaintiff's Motion to Dismiss into one for summary judgment for the reasons discussed *infra*.

F.2d 346 (9th Cir. 1979) ("It is clear that a signatory to a Short Form Agreement can agree to be bound by future modifications, extension, and renewals of an MLA."). As such, the Court will strictly construe the terms of the Memorandum Agreement and finds that Pegasus Marble is bound by the MLA and any modifications to it.

In an attempt to avoid this strict construction of the Memorandum Agreement, Pegasus Marble cites *Laborers Health and Welfare Trust Fund v. Advanced Lightweight Concrete Co.*, 484 U.S. 539, 544 (1988), for the proposition that when an agreement expires the parties are obligated to maintain the status quo until a new agreement or impasse is reached. (Resp. 2:24–3:2). However, *Laborers Health and Welfare* does not address a situation, as here, where the employer preemptively agreed to any future modifications in the contract, and thus, it is not probative of this case.[2] Accordingly, Pegasus Marble failed to successfully refute Plaintiffs' claims, or plead any facts indicating that strict adherence the terms in the Memorandum Agreement is erroneous. Accordingly, Plaintiffs' Motion to Dismiss Pegasus Marble's Amended Counterclaim is granted.

//
//
//
//
//
//

---

[2] *Laborers Health and Welfare* also focuses on continued contributions after the contract ended, but the MLA in this case was still in effect during the time period from which Plaintiffs aim to collect delinquent fringe benefits. *See* 484 U.S. 539, 541 (1988) ("A company that is a party to a collective-bargaining agreement may have a contractual duty to make contributions to a pension fund during the term of the agreement and, in addition, may have a duty under the National Labor Relations Act (NLRA) *to continue making such contributions after the expiration of the contract* and while negotiations for a new contract are in process.") (emphasis added); (Am. Compl. ¶¶ 35–36, ECF No. 21) (alleging that Pegasus Marble underpaid its fringe benefit contributions from March 2019 through December 2019); (Am. Countercl. ¶ 6, ECF No. 25) (stating that the MLA was operative through February 28, 2021).

IV.     **<u>CONCLUSION</u>**

      **IT IS HEREBY ORDERED** that Plaintiffs' Motion to Dismiss Defendants' First Amended Counterclaim, (ECF No. 35), is **GRANTED**.

      **DATED** this __28__ day of September, 2021.

 

 

 

_____
Gloria M. Navarro, District Judge
United States District Court