**BRANSTETTER, STRANCH & JENNINGS, PLLC**
NATHAN R. RING, Nevada State Bar No. 12078
703 S. Eighth Street
Las Vegas, Nevada 89101
Phone: (725) 235-9570
Email:  NateR@bsjfirm.com
*Counsel for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| TRUSTEES OF THE BRICKLAYERS & ALLIED CRAFTWORKERS LOCAL 13 DEFINED CONTRIBUTION PENSION TRUST FOR SOUTHERN NEVADA; TRUSTEES OF THE BRICKLAYERS & ALLIED CRAFTWORKERS LOCAL 13 HEALTH BENEFITS FUND; TRUSTEES OF THE BRICKLAYERS & ALLIED CRAFTWORKERS LOCAL 13 VACATION FUND; BRICKLAYERS & ALLIED CRAFTWORKERS LOCAL 13 NEVADA; TRUSTEES OF THE BRICKLAYERS & TROWEL TRADES INTERNATIONAL PENSION FUND; TRUSTEES OF THE BRICKLAYERS & TROWEL TRADES INTERNATIONAL HEALTH FUND; and TRUSTEES OF THE INTERNATIONAL MASONRY INSTITUTE,<br><br>                    Plaintiffs,<br><br>vs.<br><br>PEGASUS MARBLE, INC., a Nevada corporation; CYGNUS, LLC, a Nevada limited liability company; and GAGIK ZARGARYAN, an individual,<br><br>                    Defendants. | CASE NO: 2:20-cv-00224-GMN-BNW<br><br><br><br>**JOINT STIPULATION AND REQUEST TO REMOVE SETTLEMENT CONFERENCE FROM COURT'S CALENDAR**<br><br>**[SECOND REQUEST]** |

The Plaintiffs, TRUSTEES OF THE BRICKLAYERS & ALLIED CRAFTWORKERS LOCAL

13 DEFINED CONTRIBUTION PENSION TRUST FOR SOUTHERN NEVADA; TRUSTEES OF

THE BRICKLAYERS & ALLIED CRAFTWORKERS LOCAL 13 HEALTH BENEFITS FUND;

TRUSTEES OF THE BRICKLAYERS & ALLIED CRAFTWORKERS LOCAL 13 VACATION

FUND; BRICKLAYERS & ALLIED CRAFTWORKERS LOCAL 13 NEVADA; TRUSTEES OF THE

BRICKLAYERS & TROWEL TRADES INTERNATIONAL PENSION FUND; TRUSTEES OF THE BRICKLAYERS & TROWEL TRADES INTERNATIONAL HEALTH FUND; and TRUSTEES OF THE INTERNATIONAL MASONRY INSTITUTE, by and through their counsel for record, Nathan R. Ring, Esq. and the Defendants, PEGASUS MARBLE, INC., a Nevada corporation; CYGNUS, LLC, a Nevada limited liability company; and GAGIK ZARGARYAN, an individual, by and through their counsel for record, Adam Levine, Esq., hereby stipulate and request that this Court remove the settlement conference currently set in this matter on June 17, 2022. As detailed below, the parties previously requested and the Court granted the request to continue the Conference, which was initially scheduled to reconvene on May 9, 2022. The Parties now request the June 17, 2022 conference be removed from calendar and scheduling of a settlement conference be made following ruling upon the Plaintiffs' Motion for Summary Judgment based on the information further discussed below.

I.      **PRIOR PROCEDURAL HISTORY**

The parties met before United States Magistrate Judge Weksler on March 22, 2022. The parties appeared with their respective counsel and each with their authorized decisionmakers for the corporate parties on that date. The settlement conference was held via Zoom. During the settlement conference, the parties' discussion revealed that a meeting with the Plaintiffs' counsel, Defendants' counsel, Plaintiffs' auditors, and representatives of the Defendants was needed to further develop potential settlement options. The Defendants needed to fully examine and consider the audit results from Plaintiffs' auditors. The Court agreed to allow the parties to meet outside of the settlement conference process and asked the parties to meet privately. The private meeting was still to be held under the rules of the settlement conference set by the Court, meaning the meeting was confidential in nature and discussions could not be used for other purposes.

On April 20, 2022, Plaintiffs' counsel, Defendants' counsel, Plaintiffs' auditors, and representatives of the Defendants met in person at the office of Plaintiffs' auditor Rubin Brown. The meeting was productive, and the parties discussed the matter fully. That meeting led to the parties requesting the Court to continue the settlement conference that had been reset for May 9, 2022. The Court granted the continuance and reset the continued settlement conference for June 17, 2022.

## II.     ACTIONS SINCE LAST CONTINUANCE

Following the April 20, 2022 meeting with each side's counsel, the Defendants and Plaintiffs' auditors under confidential settlement rules, the parties and their respective counsels held further discussions on the audit results. Counsels' discussion included analysis of audit results and potential areas for resolution between the parties. Following additional review of audit results by the Defendants and discussions between Plaintiffs' counsel and Defendants' counsel, settlement proposals were exchanged and considered by each side.

The parties were not able to reach a full resolution but based on the facts of this matter and the legal claims involved, they do not believe they will be able to reach a settlement before the Court rules upon the pending summary judgment motion in this case. The Defendants most recent settlement proposal to the Plaintiffs was rejected by the Plaintiffs on Friday, June 10, 2022.

## III.     REASONS FOR REMOVAL OF JUNE 17, 2022 CONTINUED SETTLEMENT CONFERENCE

The parties request the Court to remove the currently scheduled settlement conference date of June 17, 2022 for two reasons. The first of which is imperative based upon a scheduling conflict recently encountered by the Defendants' counsel. The second reason is based on the facts and legal posture of this case.

Defendants' counsel, Adam Levine, has a jury trial scheduled to begin before the Honorable Jacqueline Bluth in Department 6 of the Eighth Judicial District Court on Monday, June 13, 2022. The trial is in case number a-17-758436-C which is captioned Dain Ellsworth v. Michael Yericke. Originally, the case was set for trial on the week of June 6, 2013 which would have accommodated the settlement conference on June 17, 2022. However, with it being moved to the week of June 13, 2022, the trial will not be concluded by Friday, June 17, 2022.

More fundamental to this case is that the parties are quite far apart on settlement because of the nature of the damages and legal claims in this case. The threshold legal questions of whether or not Cygnus is the alter-ego of Pegasus Marble largely defines the damages available in this matter. In fact, the damages that are tied to that single legal questions represent approximately 80% of all damages

available to Plaintiffs in the matter. Neither part is willing to concede anything on this point and the issue is fully briefed before this Court on summary judgment. The parties' respective counsels believe that the parties will have a better shot at settlement following the Court's decision on summary judgment in this matter. The parties simply are not able to reach settlement now because of the immense importance of the single legal issue on alter-ego and the damages attached thereto. The parties, through counsel, have attempted over several months to do so and have not been able to complete settlement.

The parties, through their counsel make this request in good faith and not for the purposes of delay of these proceedings. Indeed, they have shown good faith in moving this matter along based on their voluntary settlement negotiations and meeting since the last time the parties were before the Court in March.

IT IS SO STIPULATED.

DATED this 11th day of June 2022

**LAW OFFICE OF DANIEL MARKS**

*/s/ Adam Levine, Esq.*
ADAM LEVINE, ESQ.
Nevada State Bar No. 004673
alevine@danielmarks.net
610 South Ninth Street
Las Vegas, Nevada 89101
*Attorneys for Defendants*

DATED this 11th day of June 2022

**BRANSTETTER, STRANCH & JENNINGS, PLLC**

*/s/Nathan R. Ring, Esq.*
NATHAN R. RING, ESQ.
Nevada State Bar No. 12078
NateR@bsjfirm.com
703 S. Eighth Street
Las Vegas, Nevada 89101
*Attorneys for Plaintiffs*

**ORDER**

IT IS ORDERED that ECF No. 68 is GRANTED to the extent that the Court will vacate the continued settlement conference scheduled for 6/17/2022. If the parties wish to have another settlement conference with the Court, they must file a stipulation after the motion for summary judgment is decided.

**IT IS SO ORDERED**

**DATED:** 8:57 pm, June 13, 2022

**BRENDA WEKSLER**
**UNITED STATES MAGISTRATE JUDGE**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I CERTIFY THAT on the 11th day of June, 2022, I filed the above and foregoing **JOINT STIPULATION AND REQUEST TO REMOVE SETTLEMENT CONFERENCE FROM COURT'S CALENDAR [SECOND REQUEST]** via the Court's CM/ECF Filing System, which will send notice to the following:

Adam Levine, Esq.
Law Office of Daniel Marks
610 S. 9th St.
Las Vegas, NV 89101
***Counsel for Defendants***

*/s/ Nathan R. Ring*